UNITED STATES *v.* SCHNEIDER.

*(Circuit Court, D. Oregon. June 4, 1888.)*

1. JUDGMENT—RES ADJUDICATA—ESTOPPEL BY VERDICT.
   An estoppel by verdict occurs where each of two causes of action, though not identical, include some identical fact or circumstance, and there is a verdict and judgment in an action on one of them whereby the parties are estopped to allege anything concerning such fact or circumstance contrary to such verdict.

2. SAME—VERDICT IN CRIMINAL ACTION.
   A verdict in a criminal action between the United States and S., which necessarily negatives the allegation in the statement of the cause of action that S. was "a wholesale dealer in malt liquors," does not estop the United States from alleging that fact in a civil action against S. to recover the special taxes due from him as such dealer.

*(Syllabus by the Court.)*

Action to Recover Special Taxes. On demurrer.
*Lewis L. McArthur*, for plaintiff.
*Frank V. Drake*, for defendant.

DEADY, J. This action is brought by the United States to recover from the defendant the sum of $150, the sum being the amount of the special tax alleged to be due from the latter as a wholesale dealer in malt liquor, between November 1, 1883, and November 1, 1886, in this district.

On September 19, 1887, the defendant answered the complaint, and denied the material allegations thereof, and on March 9, 1888, he filed a second answer, containing the defense that the plaintiff is estopped to allege in this action that the defendant was a wholesale dealer in malt liquors between the dates aforesaid, because, on the trial of a criminal action heretofore brought by the plaintiff against the defendant, to recover a penalty for the non-payment of these same taxes, in which the defendant pleaded not guilty, the jury, on May 26, 1887, found the de-

fendant not guilty, and the court gave judgment on the verdict accordingly; that on the trial of said action it was admitted that the defendant had not paid any special taxes as alleged in the information; and the case was submitted to the jury by the court on the question of whether the defendant did carry on the business of wholesale dealer in malt liquor, as alleged, and the jury by their verdict found that he did not.

Section 3244 of the Revised Statutes provides that wholesale dealers in malt liquors shall pay a special tax of $50; and section 3242 declares that any person who carries on the business of such dealer, without having paid the special tax therefor, shall be liable for the payment of the tax, and also a fine of not less than $10 nor more than $500.

If there is any estoppel in this case it is not by judgment, but by verdict. The causes of action in the criminal and civil cases are not identical; the one being for a penalty and the other for taxes. Both may be maintained concurrently or successively, and a judgment in the one cannot be pleaded in bar of the other.

Where each of two causes of action, though not identical, include some identical fact or circumstance, and there is a verdict and judgment in an action in one of them, the parties thereto are estopped to allege anything concerning such fact or circumstance contrary to such verdict; and this is called estoppel by verdict. Bigelow, Estop. 48. It is admitted by the demurrer that the defendant was charged in the criminal action with being a wholesale dealer in malt liquors, and that the finding of the jury therein necessarily contradicted such allegation. This fact is also a material element in this action for taxes. The two actions arise out of exactly the same circumstances. It is material to allege and prove, in either case, that the defendant was a wholesale dealer in malt liquors. And the question now is, can the finding of the fact in the criminal action that the defendant was not such dealer be pleaded as an estoppel in this civil action?

As a general rule this cannot be done, for the reason that the parties to the two actions are seldom the same; the criminal one being prosecuted by and in the name of the state, and the civil one, by the party injured by the act or conduct constituting the crime. 1 Greenl. Ev. § 537; 1 Whart. Ev. § 776. But it so happens that the parties are the same in both these actions.

Another reason given against the estoppel in such cases is that the rules of decision and the course of proceedings are not the same in the two actions, and therefore different results may properly be reached in the trial of them. 1 Greenl. Ev. § 537; 1 Whart. Ev. § 776.

Many of the differences in the rule of decision and procedure in criminal and civil actions have been done away with since the establishment of this rule. Parties are now competent witnesses, in criminal as well as civil cases, at least on their own behalf, and the only material difference in this court is, that in the former case the verdict must be for the defendant, unless the evidence establishes his guilt beyond a reasonable doubt, while in the latter it is given for or against him, according to the preponderance of evidence.

This, in theory at least, is a material difference, and it may be that the same jury, on the same evidence, acting on this rule, would find the defendant was a dealer in malt liquors, as alleged in this civil action, and refuse to do so in a criminal one. Therefore the United States is not estopped, by the verdict in the criminal action, to allege and prove in this one that the defendant was a wholesale dealer in malt liquors.

The demurrer to the defense is sustained.