## UNITED STATES v. 2,180 CASES OF CHAMPAGNE, etc.

### SAME v. THE ZEEHOND.

(District Court, E. D. New York. March 28, 1924.)

**1. Customs duties ⬳133—Acquittal of conspiracy to violate National Prohibition Act held not res judicata of libels for seizure of vessel and liquor cargo.**

Acquittal of owner of foreign vessel on charge of conspiracy to violate National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.), by transporting and possessing intoxicating liquors, *held* not res judicata of libels in rem for forfeiture of vessel and liquors for violation of the Tariff Act of 1922, based on overt acts outside the three-mile limit, which in the criminal prosecution were excluded from consideration of jury.

**2. Customs duties ⬳133—Claimants of property seized entitled to require libelant to allege definite and certain dates.**

Claimants of vessel and liquor seized for violation of Tariff Act of 1922, under libels in rem, alleging seizure "on or about December 7th," are entitled to demand definite and certain dates.

Forfeiture Libels in Rem. Proceedings by the United States against 2,180 Cases of Champagne, etc., and against the Dutch schooner Zeehond, her engines, tackle, apparel, papers, and furniture. On claimant's motion in each case for return of the property seized. Motion denied.

See, also, 4 F.(2d) 735; 8 F.(2d) 764.

Ralph C. Greene, U. S. Atty., of Brooklyn, N. Y.

Kirlin, Woolsey, Campbell, Hickox & Keating, of New York City, for claimant.

INCH, District Judge. The United States of America has filed libels against the schooner Zeehond and a quantity of cases of champagne and other intoxicating liquor. The claimant has answered, and the libelant has duly replied.

The trial of these actions can be had promptly. It is pending such trial that the claimant makes this motion, which is substantially for judgment on the pleadings. In support of such a motion claimant states that the master of the Dutch schooner Zeehond and others were on the 14th day of December, 1923, indicted in this court, charged with conspiracy to violate the National Prohibition Act (Comp. St. Ann. Supp. 1923, §§ 10138¼ et seq.), in that they did illegally agree, within this district and the jurisdiction of this court, to violate the said National Prohibition Act, by transporting and possessing within said jurisdiction the champagne aforesaid.

Three overt acts were set forth in said indictment: The first, that the defendants mentioned in the indictment sailed from Belgium on the Zeehond with this cargo of intoxicating liquor, bound for this country and with the intent and purpose to import same to this country contrary to law, arriving off Long Island about the 30th day of November, 1923, and a few days afterwards one of the defendants, who had come to this country by another vessel, put off from the Long Island shore and boarded the Zeehond, with the purpose of arranging for the said illegal importation; the second, that the defendants in the indictment, within a day or so after so arriving off the shore of Long Island, loaded into lighters a certain quantity of this intoxicating liquor; the third, that on or about the 7th day of December the defendants in the indictment proceeded to come within three miles of the shore of the United States, having on board the Zeehond this cargo of intoxicating liquor, and were apprehended within said three-mile limit of the United States by the Coast Guard, etc.

The defendants pleaded not guilty. The criminal trial was duly held, and the defendants were acquitted. The claimants, for the purposes of this motion, assert that said criminal trial was between the same parties, on the same facts, and resulted in an adjudication in favor of the claimants by the verdict of not guilty; that therefore, as a matter of law, the boat and liquors seized by the government must be returned to them.

[1] In support of this contention the counsel for claimants cites a number of cases which seem to decide that, where such a condition of affairs exists, the acquittal or the conviction in the criminal case disposes once and for all of all matters litigated therein. Such cases, however, are not applicable to the facts of this case, for the reason that here the parties are different, the issues are different, and the facts necessary for a recovery here by the government are not the facts that were litigated in the criminal trial.

This is a suit in rem. The indictment charged a conspiracy to violate the National Prohibition Act, while this libel charges a violation of the Tariff Act of 1922 (42 Stat. 858); no forfeiture being claimed by reason of the violation of the National Prohibition Act. The National Prohibition Act applies to the regional areas of land and territorial waters of the United States, which wa-

ters are defined as extending from low-water mark outward three geographical miles. Hence it is plain, under the said indictment, no facts happening before this territorial area was reached were before the jury for its decision.

The libel is filed because of matters that are alleged to have happened in violation of the Tariff Act of 1922 within four leagues of the coast, and before the three-mile limit was reached. Moreover, it also appears that the alleged overt acts in the indictment which were numbered first and second were wholly immaterial and unnecessary, and were not submitted to the jury by the learned judge that presided at the criminal trial. It appears from his charge that he said to the jury: "You must find beyond a reasonable doubt that an overt act was committed within this district in furtherance of that conspiracy, and the overt act thus charged here is the third overt act. The first and second overt acts need receive no particular consideration at your hands."

Thus a careful reading of the charge shows that the jury could not have understood that they were to consider the first and second overt acts, that of the sailing from Belgium to the United States, plainly prior to, and not therefore a result of, any subsequent alleged corrupt agreement, and of illegally unloading from the Zeehond within four leagues of the coast; also occurring several days before any corrupt agreement was alleged to have taken place, and before the vessel came within three miles of the coast, and also not an act in furtherance of a subsequent agreement. Hence there has been no adjudication of the facts in these improperly alleged overt acts. Nor could such acts be availed of as showing a corrupt agreement, for the reason that the indictment alleges the corrupt agreement was not entered into or made afterwards.

I fail to see how a previous trial can adjudicate facts occurring prior to, and in no way material to, a crime which is alleged to have been both conceived for the first time and executed almost a week thereafter, particularly where such facts are not submitted to the jury. The defense, so far as I can ascertain, and which the jury found proved, was that the Zeehond came within this three-mile limit by reason of the inevitable necessity, which entrance, when found involuntary, always furnishes a proper ground of exemption.

As the facts presented here indicate that the Zeehond had been for almost a week hovering within four leagues of the coast, and not until the expiration of that time did it come within the three-mile limit, by reason of necessity (taking the verdict of the jury as an adjudication that, when it came within the three-mile limit, it did so by necessity), it fairly indicates that no such necessity existed prior to that time, while the ship was so loitering. At least such inference seems to me may be inferred on this motion, although the fact, as well as any other defense, remains to be proved on the coming trial.

Whether or not the government will be able to sustain its libels is a matter for the trial, and cannot be determined on this motion. On such trial it will not prove facts which have already been determined. Its whole case will depend on facts alleged to have occurred on dates prior to the Zeehond coming within the three-mile limit. All of such dates are prior to December 7, 1923.

[2] Accordingly, while the libels allege "on or about December 7," the claimants are entitled to definite and certain dates, and the libels should be amended accordingly, by proper order.

Motion denied.