## UNITED STATES v. 2,180 CASES OF CHAMPAGNE, etc.*

(District Court, E. D. New York. May 15, 1925.)

Customs duties ⬅130—Cargo of vessel held subject to forfeiture for attempted fraud on customs.

A Dutch vessel, with cargo of liquors, which for several days cruised near Long Island coast, held, under evidence, chargeable with attempt to fraudulently introduce merchandise into the United States, within Tariff Act 1922, § 592 (Comp. St. Ann. Supp. 1923, § 5841h11), and her cargo subject to forfeiture.

Forfeiture Libel. Proceeding by the United States to forfeit 2,180 cases of champagne and other intoxicating liquors and their containers, etc., seized from the Dutch schooner Zeehond. Forfeiture decreed.

See, also, 8 F.(2d) 763.

Ralph C. Greene, U. S. Atty., of Brooklyn, N. Y. (Howard Osterhout, Asst. U. S. Atty., of Mineola, N. Y., of counsel), for the United States.

Kirlin, Woolsey, Campbell, Hickox & Keating, of New York City (Cletus Keating and Delbert M. Tibbetts, both of New York City, of counsel), for claimant.

*Decree reversed 9 F.(2d) 710.

GARVIN, District Judge. This proceeding was originally tried on the common-law side of the court, a jury being waived by consent. After a decision in favor of libelant, the claimant moved to set aside all proceedings on the ground that the court sitting in common law lacked jurisdiction, and that the suit should have been tried as an action in admiralty, citing United States v. Schooners Betsy and Charlotte, 4 Cranch, 443, 2 L. Ed. 673. Upon the argument of the motion an agreement was made whereby the libel herein was to be retried by me sitting as a court of admiralty, the case having been reopened for the purpose of allowing the claimant to introduce testimony on the subject of distress, with the right of the United States to offer any testimony they might see fit in rebuttal. The testimony has been taken and the case finally submitted. The claimant offered the master as a witness. I regret that his testimony was so palpably and shockingly false in many respects that I am unable to give to it any probative force whatever. My conclusions as set forth in the opinion filed herein, dated March 4, 1925, published in 4 F.(2d) 735, are unchanged, and, upon the further proof submitted, I find as a fact that the vessel was not in distress when seized.

I have considered the briefs of the respective counsel, and I have examined with care the opinions in the cases of United States v. Schooner Over the Top (D. C., Dist. of Conn., February 26, 1925) 5 F.(2d) 838, and United States v. Sagatind (D. C. S. D. N. Y., April 27, 1925) 4 F.(2d) 928, to which my attention has been invited by the claimant. It does not seem to me that my conclusion in the instant case is in conflict with either of those authorities. In the first case, the vessel was seized apparently 19 miles off shore. In the second, not only does it not appear where the seizure took place, but a treaty was involved (which is not the case in the action at bar), no mention was made of section 592 of the Tariff Act of 1922 (Comp. St. Ann. Supp. 1923, § 5841h11), upon which the government relies in the instant case and the Sagatind Case was merely an adjudication that the libel was insufficient and must be amended, which was permitted. In the case now before the court, Judge Inch has already held that the libel is sufficient. 8 F.(2d) 763.

My decision is based on my finding that the Zeehond had not been able to unload her contraband cargo with satisfactory expedition while she lay off the Cholera Banks, and that she had therefore shifted her scene of operations to the Fire Island Inlet, where she was seized within the three-mile limit while seeking to perpetrate the attempted fraud described in section 592 of the Tariff Act of 1922. The evidence establishes clearly, as set forth in my first opinion, which is hereby made a part hereof, that this attempted fraud had its inception before the vessel sailed from Europe, and continued for several weeks, until the vessel was seized as stated. Without holding that the vessel could or could not have been legally seized without the three-mile limit, acts of those responsible for the boat, committed long before she came within the three-mile limit, are most helpful in determining the real purpose of her captain when he brought her to the spot where she was seized, and are clearly competent as evidence.

There will be a decree of forfeiture in favor of libelant.