**UNITED STATES v. 2,180 CASES OF CHAMPAGNE AND OTHER INTOXICATING LIQUORS.**

(District Court, E. D. New York.   March 4, 1925.)

**1. Customs duties ⬤⟲130 — Cargo of vessel held subject to forfeiture for attempted fraud on the customs.**

A Dutch vessel, with a cargo of liquors which for several days cruised near the Long Island coast, *held*, under the evidence, chargeable with an attempt to fraudulently introduce merchandise into the United States, within Tariff Act 1922, § 592 (Comp. St. Ann. Supp. 1923, § 5841h11), and her cargo *held* subject to forfeiture thereunder.

**2. Judgment ⬤⟲559—Suit for forfeiture of cargo of vessel for attempted fraudulent entry held not barred by criminal prosecution and acquittal of master and crew.**

The trial and acquittal of the master and members of the crew of a vessel for conspiracy to violate the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.) *held* not a bar to a suit for forfeiture of the cargo of the vessel for an attempted fraudulent entry.

Forfeiture Libel.   Suit by the United States against 2,180 cases of champagne and other intoxicating liquors.   Decree of forfeiture.

Ralph C. Greene, U. S. Atty., of Brooklyn, N. Y. (Howard Osterhout, Asst. U. S. Atty., of Mineola, N. Y., of counsel), for libelant.

Kirlin, Woolsey, Campbell, Hickox & Keating, of New York City (Cletus Keating and Delbert M. Tibbetts, both of New York City, of counsel), for claimant.

Pelham St. George Bissell, of New York City, amicus curiæ.

GARVIN, District Judge.   The government has brought an action in rem seeking to forfeit a cargo of intoxicating liquors found on the auxiliary schooner Zeehond, which was taken into custody by the captain of the Seminole on December 7, 1923, and towed into the port of New York, charged with a violation of section 592 of the Tariff Act of 1922 (Comp. St. Ann. Supp. 1923, § 5841h11).

[1] I do not think the claimant will seriously contend that there was no thought of violation of law on the part of at least some of those connected with the Zeehond. She was a Dutch-registered steel auxiliary schooner, assembled her crew at Zeebrugge on October 12, 1923, having already taken aboard a large cargo of intoxicating liquor, and soon after left for a trip across the Atlantic, stopping twice at English ports, finally reaching the Cholera Banks off the Long Island Shore.   There was some suggestion that she was bound for Halifax, but I cannot give it consideration.   Not only did she make no effort to proceed to Halifax, but the log entries show that the Cholera Banks was her destination.   The irresistible conclusion is, of course, that she purposed to land her contraband cargo within the United States.   No doubt she was not a pioneer in that activity.   She reached the Banks on December 1st, but before that date her original supercargo, Goeyens, who left her at Zeebrugge, had reached New York City and established connections with one Leveque, a dealer in intoxicating liquors, commonly known as "bootlegger."

It is apparent that the captain of the Zeehond, Krans, knew of the movements of Goeyens, because the latter first went to an address at 121 West 123d street, New York City.   The Coast Guard took from the possession of Krans a paper referring to Goeyens which reads in part: "In case you should have to go in any harbor, advise me by cable.   Goeyens 121 West 123d Street, New York, giving location and if any needs.   You should cruise on Cholera Bank, within a radius of 3 to 4 miles.   Don't let any one on board.   I will come and look for you every day, up from October 22, 1923, except when the water conditions are unpractical.   I will call in the daytime."   Leveque and Goeyens located and visited the Zeehond, going out by launch from Freeport, L. I., on December 2d.   There is much more in the record, which need not be set forth here, which clearly establishes that it was the purpose to send the cargo ashore on Long Island.   On December 7th, Capt. Scott of the Seminole hailed the Zeehond off Fire Island, and Capt. Krans of the latter replied that he was bound to Halifax.   Scott took the Zeehond into New York, where she was boarded by Customs Guards Lynch and McAdam.   In reply to their questions, Goeyens said the Zeehond was proceeding to Montauk Point, Long Island, for water, and Krans stated that she was bound for the port of New York.

The question to be determined is: Do these facts constitute an "attempted fraud," within the language of section 592 of the Tariff Act of 1922?   That section, so far as applicable, reads as follows:

"That if any * * * person * * * enters or introduces, or attempts to enter or introduce, into the commerce of the United States any imported merchandise by

means of any fraudulent or false invoice, declaration, affidavit, letter, paper, or by means of any false statement, written or verbal, or by means of any false or fraudulent practice or appliance whatsoever, * * * or is guilty of any willful act or omission by means whereof the United States is or may be deprived of the lawful duties ·or any portion thereof accruing upon the merchandise or any portion thereof, embraced or referred to in such invoice, declaration, affidavit, letter, paper, or statement, or affected by such act or omission, ·such merchandise * * * shall be subject to forfeiture. * * *. The arrival within the territorial limits · of the United States of any merchandise consigned for sale and remaining the property of the shipper or consignor, and the acceptance of a false or fraudulent invoice thereof by the consignee or the agent of the consignor, or the existence of any other facts constituting an attempted fraud, shall be deemed, · for the purpose of this paragraph, to be an attempt to enter such merchandise notwithstanding no actual entry has been made or offered."

I have no hesitation in holding that the foregoing facts constitute an "attempted fraud," within the meaning of section 592, supra. I do not believe that the boat was in distress when apprehended, after a careful consideration of the evidence upon which I base my opinion. ·

[2] It appears that the master and members of the crew were indicted upon a charge of conspiracy, tried, and acquitted. The claimant contends that the action at bar is res adjudicata by this acquittal, citing Coffee v. U. S., 116 U. S. 436, 6 S. Ct. 437, 29 L. Ed. 684. In that case there was only one defendant in the criminal prosecution. He was the only claimant in the seizure proceeding brought by the government, and the issues were identical. In the case at bar the claimant is Krans. In the criminal prosecution Krans was but one of several defendants. Thus there was not the identity of parties which must appear in order to successfully maintain the defense of res adjudicata. In addition, under the criminal prosecution one law was alleged to have been violated, the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.); in the case now before the court the government asserts a violation of the Tariff Act, thus involving different issues. In this circuit the recent case of The Henry L. Marshall (C. C. A.) 292 F. 486, is abundant authority for forfeiting a cargo

taken under such circumstances as are here revealeu.

There will be a decree of forfeiture entered, with appropriate provision for a stay, if a·review hereof is desired.