## MURPHY ET AL. v. UNITED STATES.

No. 443. Argued November 24, 1926.—Decided December 6, 1926.

It is declared by the National Prohibition Act, Tit. II, § 21, that any room, etc., where intoxicating liquor is manufactured, sold, or kept in violation of the statute, is a common nuisance, and maintaining it is made a misdemeanor punishable by fine or imprisonment, or both. Section 22 authorizes suits in equity by the United States, in which such nuisances shall be abated, and in which the Court may enjoin occupancy of the place, for one year, or require a bond of the owner or occupant. *Held:*

1. The purpose of the latter section is preventive; abatement of the nuisance and the injunction are not an additional penalty.

2. Hence, acquittal in a prosecution under § 21, is not a bar to proceedings under § 22. P. 631.

RESPONSE to questions certified by the Circuit Court of Appeals, upon review of a decree abating a nuisance and closing the place in which it was maintained.

*Messrs. Thomas Murphy* and *Vincent Murphy, pro se,* submitted.

*Assistant Attorney General Willebrandt,* with whom *Solicitor General Mitchell* and *Mr. Norman J. Morrisson,* Attorney in the Department of Justice, were on the brief, for the United States.

MR. JUSTICE HOLMES delivered the opinion of the Court.

Thomas Murphy and Vincent Murphy were tried for maintaining a nuisance in violation of Section 21, Title II of the National Prohibition Act, (October 28, 1919, c. 85; 41 St. 305, 314,) and were acquitted. Subsequently the United States brought a suit in equity to abate the same alleged nuisance under § 22 of the same Title. At the trial the defendants proved their former acquittal and

moved that the bill be dismissed. The District Court denied the motion and entered a decree abating the nuisance and enjoining the defendants from occupying or using the premises for one year. The defendants appealed. The Circuit Court of Appeals certified to this Court the question whether the former acquittal is a bar.

By § 21 any room, house, or place where intoxicating liquor is manufactured, sold, or kept in violation of the statute is declared to be a common nuisance, and maintaining it is made a misdemeanor punishable by fine, imprisonment, or both. Then follows the section under which the defendants now are sued, authorizing a suit in equity for an injunction against the nuisance as defined. A temporary writ restraining the continuance of it until the conclusion of the trial is to be issued if it is made to appear to the satisfaction of the court or judge in vacation that such nuisance exists. It is not necessary for the court to find that the property was being unlawfully used at the time of the hearing, but on finding that the material allegations of the petition are true, the court ' shall order ' that no liquor shall be manufactured, sold, or stored, &c., in the place; and upon judgment that the nuisance be abated, ' may order ' that the place shall not be occupied or used for one year thereafter, but may permit it to be occupied if the owner or occupant gives a bond for not less than $500 nor more than $1,000, that intoxicating liquor will not thereafter be manufactured, sold, or kept, &c., therein, &c.

The appellants say that an additional penalty is imposed by § 22, and that after they have been acquitted of the crime they cannot be punished for it in a second proceeding. *Coffey* v. *United States,* 116 U. S. 430. But although the contention is plausible it seems to us unsound. It is true, especially if the premises are closed for

a year,. that a pecuniary detriment is inflicted, but that is true of a tax, and sometimes it is hard to say how a given detriment imposed by the law shall be regarded. *Hodge* v. *Muscatine County,* 196 U. S. 276, 279, 280. . *St. Louis Compress Co.* v. *Arkansas,* 260 U. S. 346, 348. *The Creole,* 2 Wall. Jr. 485. The mere fact that it is imposed in consequence of a crime is not conclusive. A government may endeavor. to prevent certain facts and yet provide that if they happen they shall yield as much revenue as they might have yielded if lawful. *United States* v. *One Ford Coupé Automobile, ante,* p. 321. In like manner it may provide for the abatement of a nuisance whether or not the owners of it have been guilty of a crime. The only question is what the twenty-second section is intended to accomplish. It appears to us that the purpose is prevention, not a second punishment that could not be inflicted after acquittal from the first. This seems to us to be shown by the whole scope of the section as well as by the unreasonableness of interpreting it as intended to accomplish a plainly unconstitutional result. The imperative words go only to the immediate stopping of what is clearly a nuisance. The permissive words allow closing for a year (a not unreasonable time to secure a stoppage of the unlawful use, *United States* v. *Boynton,* 297 Fed. 261, 267,) and show the purpose of that by providing the alternative of a bond conditioned against such uses.

If we are right as to the purpose of § 22 the decree in the present case did not impose a punishment for the crime from which the appellants were acquitted by the former judgment. That it did impose a punishment is the only ground on which the former judgment would be a bar. For although the parties to the\two cases are the same, the judgment in the criminal case does not make the issues in the present one *res judicata,* as is sufficiently explained in *Stone* v. *United States,* 167 U. S. 178 and

*Chantangco* v. *Abaroa,* 218 U. S. 476. The Government may have failed to prove the appellants guilty and yet may have been and may be able to prove that a nuisance exists in the place. Our answer to the question certified agrees with the conclusion of the Supreme Court of Kansas in a carefully considered case, *State* v. *Roach,* 83 Kan. 606.

*Answer: No.*