ESSEX COUNTY JUVENILE COURT.

HATTIE LOWING v. SAMUEL LOWING.

For the complainant, *Louis R. Freund.*

For the defendant, *Herman Waldman.*

SIEGLER, J. This is a complaint made by Hattie Lowing against Samuel Lowing, her husband, for refusing and neglecting to properly and adequately provide and maintain her, and their child.

This defendant was indicted September, 1926, by the Essex county grand jury, and on December 20th, 1926, pleaded guilty in the Quarter Sessions Court of Essex county for the crime of desertion, and sentenced to probation for three years, to pay the sum of $12 per week, which was to be applied toward the support of his wife and child.

The first point made by the defendant is as to the jurisdiction of this court, to wit, that it has no jurisdiction to modify or change the terms of an order of support made by the Essex County Court of Quarter Sessions. This court receives its authority under chapter 83 of the act of 1918, which reads, "An act to provide for the hearing and determination of disputes and matters affecting the domestic relations and welfare of children, and conferring jurisdiction upon the County Juvenile Court;" and then proceeds by section 2 to define what is meant by "disputes involving the domestic relations and welfare of children."

The proceedings in the Quarter Sessions Court is one in which the State of New Jersey is the complainant, and provides for offenses against the State of New Jersey, punishable according to the Crimes act. The proceedings in this court are purely civil in nature, and in which the complainant is the wife, who is the moving party. It is elementary that a person may offend against the state, and also be liable for civil damages or other relief growing out of the same offense. It has been held in the United States Supreme Court that a person may be punished for an offense against the laws of the state, and also be punished by the United States for the same offense, inasmuch as the one act has offended the laws of both. Citing *Murphy* v. *United States,* 272 *U. S.* 630, and *Herbert* v. *Louisiana,* 272 *Id.* 312. It is no argument that because this defendant has been punished by way of weekly payments of money used for the support of his family, for a criminal offense, that he is not liable in another jurisdiction which has authority to deal with the same kind of offense, praying for other relief. The complaint before this court is that the wife is not receiving adequate support and maintenance for herself and her child, and under our laws, if the wife can sustain that contention she is entitled to further relief here. The motion to dismiss this complaint on the ground that this court has no jurisdiction is denied.

The next question is whether or not the complainant is receiving adequate support from her husband, taking into consideration what income she has from her husband, and from any source whatsoever, and whether or not he has refused to supply further and additional support for his family. The inquiry here is limited as to these two questions. I find that the defendant is a jeweler, and has been such for many years. He has been in business for himself, and has shown the capacity, in years gone by, to make seventy-five to eighty dollars a week. He has gone to Chicago, as the evidence shows, while under an order of this court, which was then in force, and there fraudulently procured a divorce, which was later set aside on the ground of fraud, on the application of the wife. He has been engaged in the jewelry business

since being brought back from Chicago to answer the criminal complaint, and all conditions now exist that existed several years ago, satisfying me that he has a capacity to earn substantial money in his trade.

I find that the wife is sick, and unable to work, and that the $12 a week that she has been receiving is inadequate in her present condition for the support of herself and child. I find that the defendant is able to pay more money for the support of his family, but he has willfully refused to recognize the needs of his family, without any justification whatsoever. I make an order that he pay $6 a week in this court on this complaint. This will give the wife $12, which she now receives from the Quarter Sessions Court, and the $6 from this court, making a total of $18.

I will sign an order in accordance with the views herein expressed.