## UNITED STATES v. ONE DODGE SEDAN et al.

### No. 7281.

Circuit Court of Appeals, Third Circuit.

June 29, 1940.

J. Cullen Ganey, U. S. Atty., and J. Lawrence Grim, Asst. U. S. Atty., both of Philadelphia, Pa. (Julian R. Eagle, of Philadelphia, Pa., of counsel), for appellant.

Maurice Freedman, James F. Masterson, and James P. McGranery, all of Philadelphia, Pa., for appellees.

Before BIGGS, MARIS, and CLARK, Circuit Judges.

CLARK, Circuit Judge.

The learned district court rendered its judgment with obvious reluctance. That reluctance appears both in its opinion and in the colloquies. It felt itself bound, however, by the decision of the United States Supreme Court in the case of Coffey v. United States, 116 U.S. 436, 6 S.Ct. 437, 29 L.Ed. 684. That case has received a distinctly "unfavorable press".[1] It has also suffered by implication, at least, in later decisions of the same tribunal.[2] These cases certainly limit its holding to the particular facts. One has indeed the impression that only the shibboleth of "stare decisis" has saved it from express repudiation.

We think that the particular facts of the principal case give us the necessary loophole and in so thinking we must disagree with the learned district judge. The action is a libel for forfeiture. The chattel to be punished is a Dodge automobile. Its crime, or so it is charged, is that of acting as convoy for another car engaged in the illicit transportation of alcohol. The Dodge was driven by one Palermo. That gentleman was indicted and tried for his role as "convoy officer". A jury expressed their belief in his innocence. Encouraged perhaps thereby a defense of the car is made. That defense is partly factual and partly legal. It consists of a reliance first on the absence of untaxed spirits in the car and second on the acquittal of the driver Palermo. The defense is entered, as it must be, by the person claiming ownership of the accused chattel. This person is the wife of the acquitted driver. The government denies the wife's ownership and ascribes it to her husband. The jury has voted in favor of forfeiture.

The traditional "day in court" affords a hearing. The limitation of that day to one day, so to speak, affords protection from harassment. So the courts recognize the need for preventing successive litigations of the same issue between the same parties. They have embodied that need in two doctrines, former jeopardy,[3] and res judicata. They are mutually inclusive in some instances and mutually exclusive in others. As the maxim indicates, the plea of double jeopardy requires an offence identical in law and fact. We need not concern ourselves here with various complications that have surrounded this question of identity.[4] It is clear that

[1] Criminal Law—Acquittal on Charge of Maintaining Nuisance is No Bar to Subsequent Suit in Equity to Abate Same Nuisance, 13 Virginia Law Review 410; Multiple Punishment Under the Double Jeopardy Rule, 31 Columbia Law Review 291; Prior Conviction as a Bar to a Civil Suit to Collect a Penalty, 40 Yale Law Journal 1319 (note); Criminal Law—Former Jeopardy—Conviction for False Return of Income No Bar to Civil Action for Penalty, 47 Harvard Law Review 1438; McLaren, Res Judicata in Criminal Cases, 10 Washington Law Review 198; Statutory Penalties—A Legal Hybrid, 51 Harvard Law Review 1092; Internal Revenue—Former Jeopardy—Acquittal in Criminal Prosecution as a Bar to Suit for Fraud Penalty, 22 Minnesota Law Review 1054; Constitutional Law—Double Jeopardy—Acquittal in Prior Criminal Prosecution as Bar to Action for Penalties Based in Fraud, 37 Michigan Law Review 647; Res Judicata as a Plea in Bar in Criminal Prosecutions, 25 Virginia Law Review 839 (note).

[2] Stone v. United States, 167 U.S. 178, 17 S.Ct. 778, 42 L.Ed. 127; Murphy v. United States, 272 U.S. 630, 47 S.Ct. 218, 71 L.Ed. 446; Various Articles of Personal Property v. United States, 282 U.S. 577, 51 S.Ct. 282, 75 L.Ed. 558; Helvering v. Mitchell, 303 U.S. 391, 58 S.Ct. 630, 82 L.Ed. 917.

[3] Nemo debet bis puniri pro uno delicto.

[4] The cases are collected in Multiple Punishment Under the Double Jeopardy Rule, 31 Columbia Law Review 291, above cited; Prior Conviction as a Bar to a Civil Suit to Collect a Penalty, 40 Yale Law Journal 1319, 1321 (note), above cited.

where there is no such identity a defendant may still suffer harassment from the attempted retrial of an issue vital to the state's case already decided adversely to it. It is here that the plea of res judicata supplements that of former jeopardy.[5] Of course, double jeopardy covers conviction as well as acquittal.

The application of these general ideas to the case of a criminal prosecution followed by a civil suit has not been easy. Its difficulty has been enhanced by considerable confusion in the authorities. There has been a tendency to vacillate between jeopardy and judicata, between the character of the charge and the character of the proof. Some cases emphasize the remedial nature of the second action. Murphy v. United States, 272 U.S. 630, 47 S. Ct. 218, 71 L.Ed. 446; Helvering v. Mitchell, 303 U.S. 391, 58 S.Ct. 630, 82 L.Ed. 917. Others stress the difference in the degree of proof required, Stone v. United States, 167 U.S. 178, 17 S.Ct. 778, 42 L.Ed. 127; United States v. Schneider, C.C., 35 F. 107; United States v. Donaldson-Shultz Co., 4 Cir., 148 F. 581.[6] It is not our place to resolve these doubts and difficulties.

■■■ As we have said, the Coffey case has not been expressly overruled. It is nevertheless left in a tenuous position. A prior conviction has been held not to bar forfeiture, Various Articles of Personal Property v. United States, 282 U.S. 577, 51 S.Ct. 282, 75 L.Ed. 558. So also the res judicata theory of it and earlier cases seems to have been disapproved, Stone v. United States, 167 U.S. 178, 17 S.Ct. 778, 42 L.Ed. 127; Murphy v. United States, 272 U.S. 630, 47 S.Ct. 218, 71 L.Ed. 446; Helvering v. Mitchell, 303 U.S. 391, 58 S.Ct. 630, 82 L.Ed. 917. Whether or not that disapproval has gone far enough to be followed by the "inferior" courts is not necessary to presently decide. Res judicata imports, by definition almost, the same parties. It is not enough that in some court somewhere the same facts have been decided. Those same facts must be viewed from the point of view of the parties giving them legal scrutiny. Here the parties are not the same.[7] It has been suggested that as one party to these forfeitures is the chattel, they can never be the same as in the criminal action. To so animate them may be far-fetched. We do not have to go to any such length. The claimant here is not even the person charged with crime. She is his quite innocent wife. She must then be held to her proof of the innocence of the chattels she now wishes to rescue from the clutches of an allegedly offended government. We are constrained, then, to disagree with the learned District Judge and subscribe to the doctrine of United States v. One 1935 Model Pontiac Sedan Automobile, 6 Cir., 105 F.2d 149, a case decided after the former's opinion was handed down.

The judgment of the District Court is reversed.

[5] Res Judicata as a Plea in Bar in Criminal Prosecutions, 25 Virginia Law Review 839, 840 (note), above cited.

[6] "Moreover, depositions may be introduced in evidence, notwithstanding the Sixth Amendment which would entitle the defendant to be confronted with the witnesses against him, if the suit were a criminal one, United States v. Zucker, 161 U.S. 475, 16 S.Ct. 641, 40 L.Ed. 777. Nor is the suit so far criminal in its nature as to prevent the direction of a verdict for the government, when the testimony is undisputed, Hepner v. United States, 213 U.S. 103, 29 S.Ct. 474, 53 L.Ed. 720, 27 L.R.A.,N.S., 739, 16 Ann.Cas. 960, or an order for a new trial where a verdict for the defendant is contrary to the weight of the evidence, Pettis v. Dixon, Conn., Kirby 179."

[7] In Coffey v. United States, 116 U.S. 436, 6 S.Ct. 437, 29 L.Ed. 684, above cited, the opinion uses the phrase "same parties" in three different places.