[Crim. No. 2318. Third Dist. Nov. 26, 1951.]

In re WILLIAM F. ANDERSON, on Habeas Corpus.

William F. Anderson, in pro. per., for Petitioner.

Edmund G. Brown, Attorney General, and Gail A. Strader, Deputy Attorney General, for Respondent.

VAN DYKE, J.—This is a proceeding in habeas corpus. Heretofore we issued an order to the respondent warden to show cause why the writ prayed for should not be issued. The matter was ordered submitted after the filing of the brief of the attorney general in opposition to the issuance of the writ, and on October 29th this court filed an opinion adverse to petitioner and ordered that the writ be denied. Petitioner then brought to our attention the fact that he had been given additional time within which to file a closing brief and asked that this court revoke the order theretofore made. We treated his petition as one for rehearing and granted the same. Petitioner has since filed his brief and the matter has again been sub-

mitted for decision. We have examined this further brief and find nothing therein which persuades us that our former opinion was not correct. We therefore, except for a single change in citation, adopt that opinion which, as amended, reads as follows:

On May 1, 1948, the petitioner was committed to the state prison upon conviction of the crimes of kidnaping and robbery. On May 1, 1950, he was granted parole by the Adult Authority. On March 6, 1951, his parole was suspended for the reason that he had been arrested and charged with having had in his possession a gun capable of being concealed upon his person in violation of the Deadly Weapons Control Act. (Stats. 1923, p. 702; 1 Deering's Gen. Laws, p. 864, Act 1970.) It appears that he was tried upon this charge in the Superior Court of Los Angeles County and was acquitted, the trial being before the court sitting without a jury. Notwithstanding the acquittal, the Adult Authority proceeded upon charges that he had in fact been in possession of a gun and additionally that his conduct and attitude on parole did not justify that privilege. After a hearing the Authority revoked his parole upon both grounds. Thereafter petitioner filed in this court his petition for a writ of habeas corpus, claiming that his parole had been unlawfully revoked contrary to the provisions of Penal Code, section 3063, which provides that no parole shall be revoked without cause, which cause must be stated in the order of revocation. This court issued an order to show cause why the writ prayed for should not issue and there has been produced before us the record of the proceedings for revocation of parole. It therefrom appears that the charge of possession of a gun considered by the Adult Authority involved the same facts as were involved in the criminal prosecution in Los Angeles County, and it is fair to say that it further appears as to the second ground that it was based upon the same incident. ▪ It is the contention of petitioner that since he was acquitted in the criminal proceeding the acquittal was binding upon the Adult Authority in the proceedings for revocation and that for that reason there was no just cause for revoking his parole.

We think that the contentions of petitioner cannot be sustained. ▪ It is a general rule that judgments in criminal prosecutions are neither bars to subsequent civil proceedings founded upon the same facts nor proof of anything in such civil proceedings (50 C.J.S. 269), and that even where the same acts or transactions constitute a crime and also give

a right of action in a civil proceeding the acquittal of the defendant when tried for the criminal offense is no bar to the prosecution of the civil action against him nor evidence of his innocence in such action. (*Id.* 272.) The reasons generally given are that the parties to the proceedings are not the same and that with respect to the rule on acquittal the degree of proof required in the criminal proceeding, due to the doctrine of reasonable doubt, is so different from that required in the civil proceeding that no reason exists for a rule that the acquittal in the criminal proceeding should be a bar in the civil proceeding or should establish the fact of innocence.

In *Helvering* v. *Mitchell*, 303 U.S. 391, 397 [58 S.Ct. 630, 82 L.Ed. 917, 920], in holding that an acquittal in criminal proceedings was no evidence of nonguilt in civil actions arising out of the same facts the court said:

''The difference in degree of the burden of proof in criminal and civil cases precludes application of the doctrine of res judicata. The acquittal was 'merely . . . an adjudication that the proof was not sufficient to overcome all reasonable doubt of the guilt of the accused.' *Lewis* v. *Frick*, 233 U.S. 291, 302, 58 L.Ed. 967, 973, 34 S.Ct. 488. It did not determine that Mitchell had not wilfully attempted to evade the tax. That acquittal on a criminal charge is not a bar to a civil action by the Government, remedial in its nature, arising out of the same facts on which the criminal proceeding was based has long been settled.''

In *Galyon* v. *State*, 189 Tenn. 505 [226 S.W.2d 270], it was held that revocation of parole under the Georgia statutes was not prevented by acquittal of the parolee on a criminal charge involving the same incidents and that the revocation could be based upon an opposite finding by the authority in charge of paroles. The court quotes the rule as stated in *Helvering* v. *Mitchell, supra,* and further declares that proceedings for revocation of parole are civil in nature and that parole boards are not bound by adjudication of criminal proceedings involving the same questions of fact. In *People* v. *Kuduk*, 320 Ill. App. 610 [51 N.E.2d 997], which involved revocation of probation based upon a charge of driving a car while intoxicated, upon which same charge, in a criminal proceeding, the probationer had been held not guilty, the court declared:

''The issues tried before Judge Ward were criminal and the People were required to prove the charge beyond a reasonable doubt while the matter before Judge Dunne was whether

Kuduk had violated the terms of his probation, which did not require such a degree of proof.''

The criminal proceedings in Los Angeles County aptly illustrate the soundness of the rules discussed. When arrested petitioner was driving a car and had been stopped by a patrol officer because of defective headlights. He was accompanied by a woman companion. During a discussion with the officer and in order to prove some point he was making in his argument as to why he should not be given a citation he opened his glove compartment and the officer noted that there was a gun in the compartment. His arrest for violation of the. Deadly Weapons Control Act followed. At his preliminary examination his companion testified that the gun belonged to him, and that when she entered the car it had been lying on the seat beside him. At the trial this witness was unavailable. The prosecution endeavored to have admitted her testimony on preliminary examination, but the trial court rejected the offer. Petitioner's testimony was that the gun belonged to the woman, that he had no knowledge that she had it with her and did not know how it got into the glove compartment of his car. Without the contradictory testimony of his companion it is easy to see that the trial court, applying the doctrine of reasonable doubt, felt well justified in acquitting accused of the charge. On the other hand the Adult Authority in matters of parole accepts a heavy responsibility in permitting convicts to be at large and if it was believed after a hearing that the preponderance of evidence was to the effect that petitioner had in fact had a gun in his possession the Authority's action in revoking his parole ought not to be interfered with notwithstanding in the criminal proceeding in Los Angeles County he had been acquitted of the same charge.

We are referred to the case of *In re Payton*, 28 Cal.2d 194 [169 P.2d 361], wherein the Supreme Court in discussing a proceeding for revocation of parole where a criminal. charge had been made against a parolee and his parole had on that ground been suspended and he had been later acquitted on the criminal charge said: ''The order [of suspension] is preliminary in nature, 'pending investigation' and the outcome of the prosecution of the charge. Its finality is determined by the appropriate board or authority when the truth of the charge is shown by conviction and an order of affirmance is made. If the prosecution culminate in acquittal, and no other charges support the suspension, it is to be assumed that the

proper authority will vacate the preliminary order suspending parole.'' We do not think that by the foregoing language the Supreme Court intended to depart from the general rules we have herein discussed nor to hold that by such an acquittal the Adult Authority is bound and barred from proceeding themselves to determine the facts of the charge.

The order to show cause heretofore issued is discharged. The writ is denied.

Adams, P. J., and Peek, J., concurred.

Petitioner's application for a hearing by the Supreme Court was denied December 26, 1951.