[Civ. No. 16063. First Dist., Div. Two. Oct. 28, 1954.]

THE PEOPLE, Respondent, v. ONE 1952 CHEVROLET BEL AIRE, ENGINE NO. KAA 402892, Defendant; JOHN R. SKINNER, Appellant.

Tobriner & Lazarus and Leland J. Lazarus for Appellant.

Edmund G. Brown, Attorney General, Ralph W. Scott and Charles A. Barrett, Deputy Attorneys General, for Respondent.

NOURSE, P. J.—This is a procedure to forfeit the defendant vehicle under section 11610, Health and Safety Code, because of its use in unlawfully keeping, depositing and concealing narcotics. John R. Skinner, the sole owner of the defendant vehicle, answered and appeals from the judgment of forfeiture pronounced on that basis.

On October 11, 1952, at about 1:55 a. m., the occupants of the defendant car got in conflict with two San Francisco police officers who warned them that their very slow driving (5 miles an hour) impeded traffic on Market Street. One of the officers testified that when their car was alongside the defendant car he saw the appellant, who was in the driver's seat, make a movement leaning to the left-hand side or the driver's side of the car; it seemed that he more or less slumped in the driver's seat of his auto and leaned toward the left-hand side of the car; he then immediately got up again. At the preliminary hearing no mention was made of this movement. There were two other young men in the car, one in the right front seat, one in back. All three occupants were searched and nothing found on their persons, but directly under the driver's seat on the left-hand side at the curvature of the front seat the witness found a Lucky Strike cigarette package with two marijuana cigarettes in it. The package was not visible from just looking at the floor. It was between 6 and 8 inches from the left-hand side door and 3 to 4 inches from the front of the seat. It was hidden from view, but not hidden from being found. All three occupants denied ownership of the cigarettes and knowledge of their presence in the car. Appellant as a witness testified also that he did not know the package with the cigarettes was in the car until the officer said he had found it there; he had not

owned it, did not smoke Lucky Strike cigarettes; did not use any drugs, had never been charged with any narcotic offense or any offense whatever, he had known the other two occupants for a year and had never known them to have the stuff on their person; his car had not been cleaned for two and a half weeks before the event; there had been two girls, picked up in San Mateo, and two hitchhikers in the car at some time that night. Appellant had been driving at all times. The other two boys who had been in the car at the time of the incident could according to him not be in court as witnesses, one being injured, the other whom he had endeavored to bring into court as a witness, being unable to be there because, as he told appellant a week earlier, he was taking his midterm tests in City College. It was later stipulated that there were no midterms at that time; they had ended a week earlier. There were discrepancies between appellant's testimony as to the prior conflict with the officers and that of the testifying officer.

Appellant wished to have received in evidence the fact that on March 30, 1953, appellant in criminal proceedings relating to the same set of facts as here involved was found not guilty of a charge of possession of marijuana in violation of section 11500 of the Narcotic and Safety Code. Appellant's attorney expressly declared that it was not offered in bar of the present action but only as conclusive evidence that the defendant himself did not have unlawful possession of marijuana. Respondent took the position that although the fact of the acquittal was true it was inadmissible in this procedure because of the difference in degree of proof required in the criminal and the forfeiture proceedings. On stipulation the fact that appellant was found not guilty in the above criminal proceeding was admitted in evidence subject to motion to strike on the ground of inadmissibility which was taken under submission. In a minute order the court granted the motion to strike and ordered judgment for plaintiff. There is an express finding of knowledge on behalf of the owner that the defendant vehicle was used unlawfully to keep, deposit and conceal the marijuana cigarettes.

Appellant's first contention is that this finding is not supported by the evidence and that the finding relates to a necessary element of the forfeiture procedure. The necessity of such knowledge for forfeiture in this case must be conceded. ■ When an automobile at the time it is seized is in possession and under control of the owner and he has

no knowledge of the unlawful circumstance regarding narcotics on which the seizure is based, there is no basis for a judgment of forfeiture. (*People* v. *One 1941 Buick Sport Coupe,* 28 Cal.2d 692, 695 [171 P.2d 719].)

However we do not agree that in this case there is no substantial evidence of such knowledge. In *People* v. *One 1940 Chrysler,* 77 Cal.App.2d 306, 314 [175 P.2d 585], the first division of this court stated: "We think the true rule is that when narcotics are found concealed in or about an automobile, at least where such automobile is in the possession of the owner or his entrustee, the trial court may infer knowledge on the part of the owner. Such facts are sufficient to cast the burden of going forward with an explanation on the owner. The sufficiency of such explanation is for the trial court." (See also *People* v. *One 1951 Mercury 2-Door Sedan,* 116 Cal.App. 2d 692, 693 [254 P.2d 140].) In our case the inference of knowledge to be derived from the fact that the marijuana cigarettes were found under the driver seat occupied by appellant just before the seizure, is strengthened by the testimony of th arresting officer that he had seen appellant make a movement in the direction of the place where the marijuana was found. (Compare *People* v. *Coleman,* 100 Cal.App.2d 797, 800 [224 P.2d 837].) The credibility of the testifying officer and the influence which the fact that he did not bring out this circumstance earlier may have on its weight were evidently for the trial court solely. Appellant's denial of knowledge of the presence of the marijuana created a conflict only with the above inferential evidence of knowledge. (Compare *People* v. *One 1940 Chrysler, supra,* 77 Cal.App.2d at p. 314.) As a general rule the trier of facts is free to disbelieve testimony contradicting inferential evidence and to accept the inference as true. (*De Martini* v. *Industrial Acc. Com.,* 90 Cal.App.2d 139, 145 [202 P.2d 828]; *Blank* v. *Coffin,* 20 Cal.2d 457, 461 [126 P.2d 868]; *Hicks* v. *Reis,* 21 Cal.2d 654, 657-660 [134 P.2d 788].) The interest of appellant in his testimony and the conceded incorrectness of the reason given by him for the absence of the student occupant of the car from the trial may reasonably have been further grounds to reject appellant's testimony as to his lack of knowledge concerning the marijuana. His evidence that other persons had been in the car that evening (but that he had been the driver all the time) and that the car had not been cleaned for some time did not explain why anybody else should have put the marijuana cigarettes under the driver's seat and at any

418

rate the weighing of the probability of such explanation compared to the probability that appellant had put them there was for the trier of facts. The finding of knowledge by the trial court is then binding on us.

Appellant's second contention is that the granting of the motion to strike the evidence as to the prior acquittal in the criminal prosecution for possession of narcotics was prejudicial error because this acquittal was conclusive evidence and res judicata as to appellant's lack of possession and because it proved that appellant was subjected to double jeopardy by the forfeiture procedure. ▮ Even if the forfeiture procedure could be considered a criminal proceeding to which the doctrine of double jeopardy applies, double jeopardy would be an affirmative defense which must be specifically pleaded (14 Cal.Jur.2d 441). As appellant did not so plead and his attorney expressly declared that the prior judgment was not offered in bar of the forfeiture action but only as evidence of the absence of possession, the question of double jeopardy cannot be brought up on appeal.

The question whether in forfeiture proceedings like the one before us a judgment of acquittal in a prior criminal action relating to the same set of facts is admissible as evidence, conclusive or not conclusive, seems not to have been decided before in this state. However, the fact that the forfeiture proceeding is considered a civil action in which no proof beyond a reasonable doubt is required (*People* v. *One 1940 Chrysler, supra,* 77 Cal.App.2d at p. 311; *Two Certain Ford Coupé Autos* v. *United States,* 53 F.2d 187, 189) leads to the conclusion of inadmissibility of the prior judgment of acquittal.

''Where the same acts or transactions constitute a crime and also give a right of action for damages or for a penalty, the acquittal of the defendant when tried for the criminal offense is no bar to the prosecution of the civil action against him, nor is it evidence of his innocence in such action. The acquittal ordinarily is not a bar to a civil action even by the state.'' (50 C.J.S. 272-273.) To the same effect 2 Freeman on Judgments 5th ed. page 1376. Where the parties are the same the reason for the inadmissibility is found among other things in the differing degrees of proof required. (Id. p. 1380.) See also 15 Cal.Jur. 114; *People* v. *Fink,* 118 Cal. App. 631, 634 [5 P.2d 641]. In *Helvering* v. *Mitchell,* 303 U.S. 391, 397 [58 S.Ct. 630, 82 L.Ed. 917], it is said: ''The difference in degree of the burden of proof in criminal and civil cases precludes application of the doctrine of *res judicata.*

The acquittal was 'merely . . . an adjudication that the proof was not sufficient to overcome all reasonable doubt of the guilt of the accused.' (Citation.) It did not determine that Mitchell had not wilfully attempted to evade the tax.'' Most of the above authorities were quoted in *In re Anderson*, 107 Cal.App.2d 670 [237 P.2d 720] (hearing by Supreme Court denied) in which the court held that the fact that a parolee was acquitted of a charge of possessing a gun capable of concealment did not preclude the Adult Authority from revoking his parole for possession of a gun, although both decisions related to the same facts. The court also cited a Tennessee case as declaring that proceedings for revocation of parole are civil in nature. *French* v. *Rishell*, 40 Cal.2d 477 [254 P.2d 26], cited in this respect by appellant, is not in point because neither difference between criminal and civil actions nor between proof beyond a reasonable doubt and proof by preponderance of the evidence were involved. It held that a difference in presumption influencing the burden of proof did not exclude application of the doctrine of res judicata, quoting 2 Freeman on Judgments 1349-1350. The same author, as cited hereinbefore, gives the contrary rule for an acquittal of a charge of crime as res judicata in a civil action.

That the forfeiture proceedings are intended as civil in character cannot be denied. The Legislature so states implicitly when in section 11617 Health and Safety Code it provides that ''the proceeding has priority over other civil cases.'' The form of the proceeding is mainly that of a civil suit, section 11619 providing for a verified answer by any owner. The People may appeal from an adverse decision. (See such appeals in *People* v. *One 1933 Plymouth Sedan DeLuxe Auto.*, 13 Cal.2d 565 [90 P.2d 799] and *People* v. *One 1939 Plymouth 6 Coupé*, 41 Cal.App.2d 559 [107 P.2d 266].) Such proceedings are also in other jurisdictions regarded as civil actions. (37 C.J.S. 16.) As, at least insofar as proof is concerned, the action must be considered as civil in character the court correctly decided that the criminal judgment of acquittal was inadmissible.

Appellant mainly relies on *Coffey* v. *United States*, 116 U.S. 436 [6 S.Ct. 437, 29 L.Ed. 684], in which case it was held that a judgment of acquittal in a criminal action for defrauding or attempting to defraud the United States of the tax on spirits distilled by the defendant was a bar to a later action *in rem* for the forfeiture of the spirits and distilling apparatus based on the same facts—notwithstanding that it was noted

that the proceeding *in rem* was a civil action to which the rule of proof by preponderance of the evidence applied—because the forfeiture proceeding amounted to a renewed trial for the purpose of punishing for the same guilt.

Insofar as the bar declared in that case is based on double jeopardy, it has no application to the case before us, where double jeopardy or bar was not pleaded. (In the Coffey case the criminal judgment was pleaded in bar in the answer but that defense was rejected by the lower court.) We therefore need not decide whether there is here such identity of the basis of both prosecutions and such an intrinsically punitive character of the forfeiture that the doctrine could apply, although it may be said that an affirmative answer to both questions seems improbable.

Insofar as the Coffee case is based on the doctrine of res judicata it seems to have been disapproved by *Helvering* v. *Mitchell, supra,* 303 U.S. 391, which seems to consider double jeopardy the only correct basis for a bar in this kind of case. (Compare *United States* v. *One Dodge Sedan,* 113 F.2d 552, 554; 25 Va.L.Rev. 839, 843.) After the passage quoted hereinbefore that the acquittal was merely an adjudication that the proof was not sufficient to overcome all reasonable doubt of the guilt of the accused, the court says (at p. 398): ''Where the objective of the subsequent action likewise is punishment, the acquittal is a bar, because to entertain the second proceed‧ ing for punishment would subject the defendant to double jeopardy; and double jeopardy is precluded by the Fifth Amendment whether the verdict was an acquittal or a conviction.'' The fact that the Coffee case does not refute the objection that the acquittal in the prior criminal case was subject to the requirement of a higher degree of proof than the proceeding in which it was to be considered conclusive, has been repeatedly noted. (See 40 Yale L.J. 1320, note 6; 47 Harv.L.Rev. 1438, 1439; 37 Mich.L.Rev. 647, note 2.) *United States* v. *One Dodge Sedan, supra,* 113 F.2d 552, states that the Coffee case has received a distinctly ''unfavorable press'' and that although it is not expressly overruled it is nevertheless in a tenuous position. Even in the federal courts it is followed only with reluctance, where no ''loophole'' through which to deviate from it can be found. (*United States* v. *One De Soto Sedan, 1946 Model,* 85 F.Supp. 245, on which appellant also relies, concedes the reluctance and states expressly that it had not found the necessary loophole.)

This state court, for which the authority of the Coffee

case in this matter is not binding but at most persuasive, does not need a loophole to be able to hold that the higher degree of proof on which the acquittal in the criminal proceeding is based prevents its admissibility as conclusive evidence or any evidence in the forfeiture proceedings. (Compare *Young v. City of Seattle*, 25 Wn.2d 888 [172 P.2d 222, 225]; *People v. Snyder*, 90 App.Div. 422 [86 N.Y.S. 415].)

Judgment affirmed.

Dooling, J., and Kaufman, J., concurred.