[Civ. No. 16415. First Dist., Div. One. May 27, 1955.]

THE PEOPLE, Respondent, v. ONE 1950 CADILLAC 2-DOOR CLUB COUPE, ENGINE NO. 506263120, LICENSE NO. 2B37400, Defendant; TOLLIE B. MATTHEWS, Appellant.

Haley & McInerney for Appellant.

Edmund G. Brown, Attorney General, Charles A. Barrett and Victor Griffith, Deputy Attorneys General, for Respondent.

PETERS, P. J.—Tollie B. Matthews, the registered and legal owner of a motor vehicle, appeals from a judgment forfeiting the vehicle to the state because used to transport a narcotic illegally. By his answer Matthews raised the defense that he had been acquitted of a criminal charge growing out of the same transaction and, therefore, had been once in jeopardy. During the trial he moved to dismiss on this ground. The trial court denied the motion, found the facts in favor of the state, and ordered the vehicle forfeited. Matthews appeals on a clerk's transcript, his sole contention being that his motion to dismiss should have been granted.

The trial court found that on September 28, 1953, one Percy was an occupant of the vehicle here involved; that Percy then was in possession of heroin; that Matthews, the registered and legal owner of the car, was the driver of the car and knew that Percy was in possession of heroin; that the allegations of the Notice of Seizure are true; that on December 1, 1953, Matthews and Percy were jointly charged by information "with a violation of Section 11500 of the Health and Safety Code . . . , to wit, the sale and furnishing of a narcotic, to wit, heroin, on September 28, 1953"; that Percy was convicted "on said charge" and Matthews was acquitted "on said charge"; that before trial of the criminal charge this forfeiture proceeding was filed. Based on these findings the trial court ordered the forfeiture.

No question of the sufficiency of the evidence is or can be raised on this appeal. The sole contention made is that the forfeiture was imposed as a penalty or as punishment, and that an acquittal of a criminal charge, as a matter of law, is a bar to a forfeiture based upon the same transaction.

It is by no means clear that the criminal charge and the forfeiture proceeding are based on the same facts, although admittedly they grew out of the same transaction. All we have before us is the clerk's transcript. The notice of seizure forming the legally required basis of this forfeiture proceeding (Health & Saf. Code, § 11612) recites that the vehicle was seized, and avers that forfeiture is sought because "said vehicle was used to unlawfully keep, deposit, conceal, convey, carry or transport narcotics, to wit—heroin, or said narcotics were unlawfully possessed by an occupant thereof." This allegation was found to be true. All that we know about the criminal charge is what appears in the unchallenged finding. It recites that Percy and Matthews were jointly charged "with a violation of Section 11500 of the Health and Safety Code . . . , to wit, the sale and furnishing of a narcotic." It is obvious that a charge of "sale and furnishing" a narcotic requires different proof from a charge of unlawful transportation or unlawful possession by an occupant. Obviously, in order to show a sale the prosecution must prove certain facts that are different from the facts that must be proved in an unlawful transportation charge. Thus, even if the forfeiture and criminal proceedings were both essentially criminal in nature, so that in a proper case the doctrines of once in jeopardy, res judicata or estoppel by judgment would be applicable, it is very doubtful if any of those doctrines would be applicable where the criminal charge involves different elements, and is essentially a different charge from that involved in the forfeiture proceeding.

However, we are not inclined to rest our decision on this ground alone. Both sides to this appeal assume that the "charges" involved in the two proceedings were identical, grew out of the same transaction, and are based on identical facts. ■ As an alternative ground of this opinion (see *Bank of Italy* v. *Bentley*, 217 Cal. 644, at p. 650 [20 P.2d 940, 87 A.L.R. 1281]) it is our conclusion that, even where the criminal charge and the forfeiture proceeding are based on the same identical facts, an acquittal of the criminal charge is not a bar to the forfeiture proceeding.

Appellant's argument to the contrary is based on certain

language appearing in two opinions, one by the United States Supreme Court and the other by the California Supreme Court. The first of these cases is *Helvering* v. *Mitchell,* 303 U.S. 391 [58 S.Ct. 630, 82 L.Ed. 917]. In that case the Commissioner of Internal Revenue sued for a statutory 50 per cent additional assessment imposed on the taxpayer if found to have had a fraudulent intent to evade the tax. The taxpayer had been acquitted of a criminal charge of a wilful attempt to evade the tax. He pleaded this acquittal as a defense to the fraudulent assessment suit. The court discussed at length the distinctions between civil and criminal sanctions, the differences in proof in civil and criminal proceedings, emphasized the fact that the assessment case was civil in nature, and concluded that the 50 per cent penalty was intended as remedial and was not basically penal. It therefore held that neither the doctrine of res judicata nor once in jeopardy was applicable. In so holding, the court used the following language upon which appellant here relies (p. 397) : ''That acquittal on a criminal charge is not a bar to a civil action by the Government, remedial in its nature, arising out of the same facts on which the criminal proceeding was based has long been settled. [Citing cases.] *Where the objective of the subsequent action likewise is punishment, the acquittal is a bar, because to entertain the second proceeding for punishment would subject the defendant to double jeopardy.*'' (Italics added.) The court then went on to hold that the legislation providing for the 50 per cent penalty imposed a civil sanction and was remedial in nature, and was not a criminal sanction intended as punishment. For that reason the doctrines of once in jeopardy and res judicata were held not applicable.

Appellant next contends that forfeiture of a vehicle in a narcotics case in California is intended as punishment, constitutes a criminal penalty, and that the Supreme Court of California has so held. To establish this premise appellant quotes a portion of one paragraph from the opinion in *People* v. *One 1941 Chevrolet Coupe,* 37 Cal.2d 283 [231 P.2d 832]. That case involved the question as to whether the owner of a vehicle in a forfeiture proceeding under the very statute here involved was entitled to a jury trial. In the course of its 20-page opinion the court stated (p. 302) : ''Although the suit by the state is normally *in rem* against the vehicle itself, in reality it is directed against those who have property interests in the vehicle. The automobile is not itself an

offender but has merely been used in the commission of an offense. The statute operates to transfer property rights in the automobile to the state, *as a penalty against the owners for this misuse.*" (Italics added.)

The argument of the appellant is very simple, and is based on the italicized portions of the two opinions quoted above. He points out that the Helvering case held that jeopardy applies if the forfeiture is imposed as punishment. Then he points out that the Supreme Court of California has held that forfeiture is imposed as a penalty for the criminal misuse of the vehicle. Thus, to him, the conclusion is inescapable that the acquittal on the criminal charge is a bar to the forfeiture. While this syllogistic reasoning has the virtue of simplicity, the difficulty in that the premises upon which it is based are unsound.

It should be pointed out that the federal cases on this subject were interpreting the Fifth Amendment to the United States Constitution, which is a restriction on the federal government and not on the states. (*People* v. *Bechtel,* 41 Cal.2d 441 [260 P.2d 31].) The federal cases on this subject, at most, are merely persuasive and not controlling. (*People* v. *One 1952 Chevrolet Bel Aire,* 128 Cal.App.2d 414 [275 P.2d 509].)

Moreover, the federal rule is by no means as clear or as simple as appellant states it. The confusion arises because most of the equivocal language in the federal cases was used in an attempt to distinguish, without overruling, the 1885 decision of the Supreme Court of the United States in *Coffey* v. *United States,* 116 U.S. 436 [6 S.Ct. 437, 29 L.Ed. 684]. In that case it was held that a judgment of acquittal for attempting to defraud the government of the tax on distilled spirits was a bar to a forfeiture of the distilled spirits and distilling equipment based on the same facts. The court held that the fraudulent acts involved in the criminal charge embraced "all of the acts" (p. 442) involved in the forfeiture suit. The court recognized that the forfeiture proceeding was a civil action *in rem* requiring only a preponderance of the evidence while the criminal action required proof of guilt beyond a reasonable doubt, but nevertheless held the acquittal a bar, because the forfeiture was imposed as a "punishment" for an act that had been found nonexistent in the criminal proceeding. (See also *United States* v. *La Franca,* 282 U.S. 568 [51 S.Ct. 278, 75 L.Ed. 551].)

Since 1885 the Coffey case has been discussed and distin-

guished by the federal courts until it is very doubtful indeed if much of the original holding remains intact. Thus, in the Helvering case, *supra*, the Coffey case was distinguished on the ground that the sanction involved in the Coffey case was "penal" while that in the Helvering case was "remedial." In *Murphy* v. *United States*, 272 U.S. 630 [47 S.Ct. 218, 71 L.Ed. 446], it was held that an acquittal of a criminal charge of maintaining a nuisance by keeping liquor illegally on the premises was not a bar to an action in equity to abate the nuisance. It was argued that under the Coffey case the abatement was an additional penalty for the same act. Mr. Justice Holmes, speaking for the court, found that although the "contention is plausible it seems to us unsound." (P. 631.) He then went on to hold that "the mere fact that it [abatement] is imposed in consequence of a crime is not conclusive," and then held that abatement is imposed primarily for prevention and not as a second punishment. The federal cases have generally held that the once in jeopardy or res judicata arguments are not applicable to proceedings *in rem* to forfeit a thing because of its status. (*United States* v. *Three Copper Stills*, 47 F. 495; *United States* v. *One Machine for Corking Bottles*, 267 F. 501; *Various Items* v. *United States*, 282 U.S. 577 [51 S.Ct. 282, 75 L.Ed. 558].)

The prevailing view of the federal courts towards the Coffey case was well expressed by the Ninth Circuit Court in *United States* v. *Gramer*, 191 F.2d 741, where a criminal acquittal for misbranding drugs was held not to be a bar to an action to confiscate the drugs. The court stated (p. 743): "Subsequent decisions of the Supreme Court have strictly limited the operation of the Coffey rule, but the case has never been expressly overruled." After discussing several cases, the court continued (p. 743): "We need not dwell upon the problem of whether or not the Coffey case, even if limited to its facts, is still the rule in federal courts. The expressions of the Court of Appeals for the Third Circuit in *United States* v. *One Dodge Sedan* (3 Cir.), 113 F.2d 552, 553, adequately covered our views on that subject when it stated that '. . . only the shibboleth of "stare decisis" has saved it from express repudiation.' A consideration of the subsequent holdings of the Supreme Court, discussed above, lead us to the conclusion that in the case before us neither the judicial doctrine of res judicata nor the constitutional mandate against double jeopardy operates to prevent the action here involved."

After further discussion the court concluded (p. 744): "If

the Coffey case is to be considered as the law its doctrine, if taken to rule the instant case, would lead to great governmental limitation and public harm. An acquittal, even through wholly inadequate proof of violation of the Food, Drug and Cosmetic Act, could practically stop the government from preventing the sale of a most harmful or wholly ineffective nostrum. Extension of the Coffey rule would not be justified unless clearly required.''

The language of the Third Circuit in the case referred to *supra—United States* v. *One Dodge Sedan,* 113 F.2d 552— was even more pointed. The action was one to confiscate an automobile for the illicit transportation of alcohol. The driver of the car had been acquitted of the criminal charge of acting as convoy officer in the transportation. The court held that the acquittal was not a bar in the proceeding to forfeit the car owned by the wife of the defendant in the criminal proceeding. In distinguishing the Coffey case the court stated (p. 553) : ''That case has received a distinctively 'unfavorable press.' It has also suffered by implication, at least, in later decisions of the same tribunal. These cases certainly limit its holding to the particular facts. One has indeed the impression that only the shibboleth of 'stare decisis' has saved it from express repudiation.

''We think that the particular facts of the principal case [that the wife and not the driver of the car owned the vehicle] give us the necessary loophole. . . .'' (See also *United States* v. *Twenty Strings Seed Pearls,* 34 F.2d 142; *United States* v. *2,180 Cases of Champagne, etc. Liquors,* 4 F.2d 735; *Stone* v. *United States,* 167 U.S. 178 [17 S.Ct. 778, 42 L.Ed. 127] ; *United States* v. *One Stephens Automobile,* 272 F. 188.)

The California courts in passing on the question here involved have not adopted precisely the same rule that appellant claims that the federal courts have adopted, namely, that whether the acquittal is a bar depends upon whether the sanction imposed is ''remedial'' or intended as a ''punishment,'' but have adopted the more logical approach of holding that an acquittal is not a bar in a subsequently tried proceeding if the subsequent proceeding is not criminal in nature. The rule that appellant claims the federal courts have adopted (and we believe that such courts have only given lip service to such rule and actually apply a rule similar to that applied in California) is almost impossible to apply. Every civil sanction, such as forfeiture of property, an additional penalty, deprivation of a license, etc., can be considered in various

ways. Obviously, so far as the wrongdoer is concerned, such a sanction, in a very real sense, is an additional punishment to that provided by the penal laws. So far as the public is concerned, however, such a sanction is "remedial" in that it acts as a deterrent, helps in the enforcement of the law, and, to some extent, reimburses the government for the expense of enforcing the statute. Practically no civil sanction is entirely remedial or entirely intended as a punishment.

█ As already stated, the rule adopted in California is that the acquittal of a criminal charge is not a bar to a subsequent proceeding if the latter is a civil proceeding and not criminal in nature. Thus, in *In re Anderson*, 107 Cal.App. 2d 670 [237 P.2d 720], a defendant was acquitted of a criminal charge of carrying a concealed weapon. Later a proceeding to revoke his parole based on the same facts was instituted. It was held that it was not barred by the acquittal, because the subsequent proceeding was civil in nature. In *Ex parte Morris*, 194 Cal. 63 [227 P. 914], the defendant was criminally prosecuted for failure to obey a court order. Later he was charged with contempt for the same reason. The later proceeding did not place the defendant in double jeopardy. because it was civil in nature. It is also well settled that since the revocation of a license is not a criminal proceeding, it is not barred by an acquittal of the criminal charge involved in the license proceeding. (*Traxler* v. *Board of Medical Examiners*, 135 Cal.App. 37 [26 P.2d 710].)

█ There is no doubt that a proceeding to forfeit a car under section 11610, et seq., of the Health and Safety Code is civil in nature. The Legislature has so provided. Section 11617 provides "that the proceeding has priority over other civil cases." Moreover, the procedure provided is civil and not criminal. Thus, section 11619 provides for a verified answer by the owner. The People may appeal from an adverse decision, a right not present in criminal cases. It should also be mentioned that forfeiture is not found in that portion of the code dealing with "Penalties." They are provided for in section 11710, et seq., of the Health and Safety Code. It is also a fact that in some cases forfeiture will be decreed in spite of the guilt or innocence of the owner, as where the owner lends his car to a friend who transports narcotics without the owner's knowledge or consent. (*People* v. *One 1941 Ford 8 Stake Truck*, 26 Cal.2d 503 [159 P.2d 641].) In that case the court also held that the purpose of the forfeiture provisions was "curbing the traffic in narcotics." (P. 506.)

Moreover, the Supreme Court has held the action for a forfeiture to be civil. In *People* v. *One 1941 Chevrolet Coupe,* 37 Cal.2d 283 [231 P.2d 832], the court was called upon to decide whether a lienholder has a right to a jury trial under the very statute here involved. The court held that to decide the point the historical nature of the action as it existed at common law had to be ascertained. The opinion contains a detailed, lengthy and very interesting discussion of the nature of forfeiture actions in California. After such analysis the court concludes that such actions are civil in nature.

The point here involved was recently discussed (October of 1954) in the case of *People* v. *One 1952 Chevrolet Bel Aire,* 128 Cal.App.2d 414 [275 P.2d 509]. That case, like the instant one, involved an attempted forfeiture of a vehicle because of its use in transporting narcotics. The owner had been acquitted of the criminal charge of possession. The owner maintained that the acquittal was a bar, or at least should have been admitted in evidence as evidence that the owner was not in unlawful possession of narcotics. The owner had not pleaded jeopardy as a defense, but he did offer at the trial to prove the fact of the acquittal. The offer was rejected. The court first held that double jeopardy was an affirmative defense which had to be pleaded, and, since not here pleaded, this argument was not available on appeal. The court then passed on whether the acquittal was admissible in evidence and stated (p. 418): "However, the fact that the forfeiture proceeding is considered a civil action in which no proof beyond a reasonable doubt is required [citing cases] leads to the conclusion of inadmissibility of the prior judgment of acquittal.

" 'Where the same acts or transactions constitute a crime and also give a right of action for damages or for a penalty, the acquittal of the defendant when tried for the criminal offense is no bar to the prosecution of the civil action against him, nor is it evidence of his innocence in such action. The acquittal ordinarily is not a bar to a civil action even by the state.' (50 C.J.S. 272-273.) . . . In *Helvering* v. *Mitchell,* 303 U.S. 391, 397 [58 S.Ct. 630, 82 L.Ed 917], it is said: 'The difference in degree of the burden of proof in criminal and civil cases precludes application of the doctrine of res judicata. The acquittal was "merely . . . an adjudication that the proof was not sufficient to overcome all reasonable doubt of the guilt of the accused." (Citation.) It did not determine that Mitchell had not wilfully attempted to evade the

tax.' Most of the above authorities were quoted in *In re Anderson,* 107 Cal.App.2d 670 [237 P.2d 720] (hearing by Supreme Court denied) in which the court held that the fact that a parolee was acquitted of a charge of possessing a gun capable of concealment did not preclude the Adult Authority from revoking his parole for possession of a gun, although both decisions related to the same facts. The court also cited a Tennessee case as declaring that proceedings for revocation of parole are civil in nature.''

The court then holds that forfeiture proceedings are civil in character. It then discusses the Coffey case and again holds that since jeopardy had not been pleaded it was not available. In this connection the court stated (p. 420): ''We therefore need not decide whether there is here such identity of the basis of both prosecutions and such an intrinsically punitive character of the forfeiture that the doctrine could apply, although it may be said that an affirmative answer to both questions seems improbable.'' The court then quotes the ''unfavorable press'' portion of the opinon in the case of *United States* v. *One Dodge Sedan,* 113 F.2d 552, and then points out that (p. 420): ''Even in the federal courts it [the Coffey case] is followed only with reluctance, where no 'loophole' through which to deviate from it can be found. . . .

''This state court, for which the authority of the Coffee [sic Coffey] case in this matter is not binding but at most persuasive, does not need a loophole to be able to hold that the higher degree of proof on which the acquittal in the criminal proceeding is based prevents its admissibility as conclusive evidence or any evidence in the forfeiture proceedings.''

Much of what the court said about the Coffey case was undoubtedly dicta, but it is sound dicta, and we approve and adopt it as part of this opinion.

The judgment of forfeiture is affirmed.

Bray, J., and Wood (Fred B.), J., concurred.