[Civ. No. 24833. Second Dist., Div. Three. June 20, 1961.]

THE PEOPLE, Appellant, v. ONE 1950 PONTIAC 2-DOOR COUPE, ENGINE NO. C8TH19459, Defendant; MOSES POOLE, Respondent.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, and Philip C. Griffin, Deputy Attorney General, for Appellant.

No appearance for Respondent.

BISHOP, J. pro tem.*—We have not been favored with any argument on respondent's behalf, either written or oral. This does not surprise us, for we are satisfied that the affirmative answer given by the trial court to the question that the parties stipulated was the sole issue before the court, can not be successfully defended.

This is an action brought under sections 11610-11629, Health and Safety Code, providing for the forfeiture to the state of a vehicle used for the unlawful transportation of a narcotic. In reply to the "Notice of Seizure and Intended Forfeiture Proceedings," addressed to Moses Poole as the registered owner of the vehicle identified in the title, Poole filed an answer in which he admitted ownership of the vehicle; denied that it had been used to transport a narcotic unlawfully; and, as an affirmative defense, alleged that he had been arrested for the possession of a narcotic on the day the vehicle was alleged to have been seized; that thereafter he was charged in an information with the violation of section 500 of the Health and Safety Code (by which, no doubt, he meant section 11500, which prohibits the possession, transportation, or other dealings with a narcotic); that he was tried and found not guilty by reason of the fact that the evidence in the case, the narcotic, was obtained by an illegal search and seizure.

We are given no record of the oral proceedings at the trial, but in the findings of fact and conclusions of law the trial court, in its recital of the proceedings that had taken place said: ". . . and it being stipulated by and between the parties through their respective counsel, that the sole issue before the Court was whether the plaintiff, the State of California, is estopped from forfeiting a vehicle in which narcotics were being transported subsequent to an acquittal of the said claimant following a trial on the merits for the offense of possession of the same narcotics giving rise to said forfeiture action, said acquittal being grounded solely upon the opinion of the trial judge that said contraband was obtained as a result of an illegal search and seizure. . . ." As its conclusions of law the trial court stated: "Forfeiture of the defendant automobile is denied for the reason that the judgment of acquittal of the claimant, Moses Poole, on the sole ground of the illegality of the search and seizure collaterally estops the People of the State of California from introducing evidence of probable cause, thereby precluding the introduction into evidence of the

*Assigned by Chairman of Judicial Council.

illegal narcotics and consequently causing a failure of proof on the part of the plaintiff." A judgment was entered that the vehicle in question be not forfeited, but be returned to Moses Poole.

From this judgment the People have appealed, as they are authorized to do in forfeiture proceedings (*People* v. *One 1952 Chevrolet Bel Air* (1954), 128 Cal.App.2d 414, 419 [275 P.2d 509, 512] ; *People* v. *One 1950 Cadillac Club Coupe* (1955), 133 Cal.App.2d 311, 318 [284 P.2d 118, 123]), and successfully did in *People* v. *One 1948 Chevrolet Conv. Coupe* (1955), 45 Cal.2d 613 [290 P.2d 538, 55 A.L.R.2d 1272]. The character of the proceeding is civil, as was noted in the cases just cited. One would expect, therefore, to find applied in such a case as this, the general rule expressed in *In re Anderson* (1951), 107 Cal.App.2d 670, 671-672 [237 P.2d 720, 721], ". . . that judgments in criminal prosecutions are neither bars to subsequent civil proceedings founded upon the same facts nor proof of anything in such civil proceedings (50 C.J.S. 269), and that even where the same acts or transactions constitute a crime and also give a right of action in a civil proceeding the acquittal of the defendant when tried for the criminal offense is no bar to the prosecution of the civil action against him nor evidence of his innocence in such action. (*Id.* 272.)" That rule is applied in just such proceeding as that under review. We deem it sufficient, in support of our statement, to cite *People* v. *One 1950 Cadillac Club Coupe, supra* (1955), 133 Cal.App.2d 311 [284 P.2d 118], with the authorities that it reviews, without quoting from its opinion. See also *Cornell* v. *Reilly* (1954), 127 Cal.App.2d 178, 187 [273 P.2d 572, 578].

Our conclusion is not that the plaintiff may make out a case for a forfeiture by evidence obtained by unlawful search and seizure. That which we do hold is that plaintiff's failure to convict the owner of the vehicle sought to be forfeited because it did not rely on admissible evidence, does not preclude the plaintiff from prosecuting this proceeding.

The judgment is reversed.

Shinn, P. J., and Ford, J., concurred.