## HILL et al. v. UNITED STATES.

### No. 5191.

Court of Appeals of District of Columbia.

Argued Oct. 6, 1930.

Decided Nov. 3, 1930.

J. S. Easby-Smith, F. W. Hill, Jr., and A. L. Newmyer, all of Washington, D. C., for appellants.

Leo A. Rover and Harold W. Orcutt, both of Washington, D. C., for the United States.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

VAN ORSDEL, Associate Justice.

This appeal is from a decree of the Supreme Court of the District of Columbia against thirteen defendants, declaring two garages located in the city of Washington to be nuisances under the provisions of the National Prohibition Act (27 USCA), and directing the United States marshal for the District of Columbia to forthwith abate said common nuisances and "to securely lock and seal or cause to be securely locked and sealed all of the above described premises, and each and every part thereof, and including also all movable and immovable fixtures and other property upon the said premises kept and used in maintaining the said nuisance and forming a part thereof, and to cause the same to remain so locked and sealed continuously for one year subsequent to and immediately after the entry of this decree."

From the decree the defendants Hill and Sherby appealed.

It is conceded that the premises in question had been used for a long period of time for storing and distributing intoxicating liquors, and that the appellants had notice that the premises were being used for that purpose. The case, under the statute, resolves itself to the single question of whether or not the decree of the court directing the marshal to lock and seal the premises for one year can be upheld.

Section 22 of title 2 of the Prohibition Act of October 28, 1919, 41 Stat. 314 (27 USCA § 34), provides the manner in which the Attorney General, or the United States attorney, or any prosecuting attorney of any state, may bring a suit in equity to enjoin the continuance of any nuisance arising from a violation of the Prohibition Act; and, upon proof that the premises have been used for the manufacture, sale, or storage of intoxicating liquors, the court may in its discretion restrain the occupation or use of the premises for one year. Defining the authority of the court, the statute provides: "It shall not be necessary for the court to find the property involved was being unlawfully used as aforesaid at the time of the hearing, but on finding that the material allegations of the petition are true, the court shall order that no liquors shall be manufactured, sold, bartered, or stored in such room, house, building, boat, vehicle, structure, or place, or any part thereof. And upon judgment of the court ordering such nuisance to be abated, the court may order that the room, house, building, structure, boat, vehicle, or place shall not be occupied or used for one year thereafter." The statute then provides as an alternative that, instead of closing the premises, the court may permit the occupant or the owner to give bond with sufficient surety payable to the

United States and conditioned that the premises shall not thereafter be so unlawfully used.

It will be observed that this is in the nature of a proceeding in rem to restrain and prevent the further unlawful use of the premises. As said in Grosfield v. United States, 276 U. S. 494, 48 S. Ct. 329, 330, 72 L. Ed. 670, 59 A. L. R. 620: "The purpose of the provisions of the statute authorizing an injunction against occupancy and use is not punitive but preventive, Murphy v. United States, 272 U. S. 630, 632, 47 S. Ct. 218, 71 L. Ed. 446; and it is no answer to the suit to say that the owner did not participate in the criminal act of the tenant. That the tenant may have been ousted and the illegal use of the premises ended before the decree is not conclusive, if the evidence furnish reasonable ground for apprehending a repetition of such use."

In the present case it is unnecessary for us to review the evidence, which conclusively shows an illegal use of the premises for a long period prior to the bringing of this action. There is some evidence tending to show that in one garage the appellant Hill had not participated in the illegal use of the premises, but that when he had notice of such illegal use by his tenant he instituted an inquiry through his real estate agent to ascertain the facts, and finally took steps to prevent the further illegal use of the property. This action, however, on the part of the appellant, is not sufficient to control the action of the court below in issuing the order here appealed from. The decree being merely preventive and not punitive may be issued in the discretion of the court as a safeguard against the future unlawful use of the property. Under the broad language of the statute conferring this discretionary power upon the court, and the interpretation placed upon the statute by the Supreme Court in the cases above cited, we are unable to find that the court in entering its decree acted arbitrarily. On the contrary, we are of the opinion that the evidence is adequate to sustain the action of the court.

Neither is it essential that there should be a criminal conviction under the act as a condition precedent to entering the decree here appealed from. As said by the court in the case of Murphy v. United States, supra: "The only question is what the twenty-second section is intended to accomplish. It appears to us that the purpose is prevention, not a second punishment that could not be inflicted after acquittal from the first. * * * The imperative words go only to the immediate stopping of what is clearly a nuisance. The permissive words allow closing for a year (a not unreasonable time to secure a stoppage of the unlawful use, United States v. Boynton (D. C.) 297 F. 261, 267), and show the purpose of that by providing the alternative of a bond conditioned against such uses."

In the Murphy Case the government failed to prove the appellants guilty, and yet they established the existence of a nuisance on which the court below, as in this case, entered a decree abating the nuisance and enjoining the defendants from occupying or using the premises for one year.

The decree is affirmed.