JOHN E. KENNY and EDNA M. KENNY, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Kenny v. Commissioner
Docket No. 23808-84.
United States Tax Court
T.C. Memo 1986-371; 1986 Tax Ct. Memo LEXIS 244; 52 T.C.M. (CCH) 172; T.C.M. (RIA) 86371; August 11, 1986. John E. Kenny and Edna M. Kenny, pro se. Miles D. Friedman, for the respondent. FEATHERSTON
*245 MEMORANDUM FINDINGS OF FACT AND OPINION FEATHERSTON, Judge: This case was assigned to Special Trial Judge Marvin F. Peterson pursuant to section 7456 and Rules 180, 181 and 183. [1] The Court agrees with and adopts his opinion, which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE PETERSON, Special Trial Judge: Respondent determined deficiencies and additions to tax in petitioners' Federal income taxes as follows: Addition to Tax
Year
Deficiency
Sec. 6653(b)
1974
$28,879.98
$14,439.99
1975
3,878.19
1,939.10  After concessions by both parties, including the section 6653(b) additions to tax for fraud, the remaining issues for our decision are: 1. Whether respondent is estopped from determining a deficiency in petitioners' 1974 Federal income tax based upon unreported income in excess of $12,871.72; [2] and 2. Whether petitioner Edna M. Kenny is an "innocent spouse" entitled to relief under section 6013(e). *246 As to the section 6653(b) additions to tax, petitioner John E. Kenny concedes the addition to tax for 1975 and that he is liable for the addition to tax for 1974 to the extent it applies to the correct amount of the underpayment for such year; respondent concedes that petitioner Edna M. Kenny is not liable for the section 6653(b) additions to tax for either year. Some of the facts have been stipulated. The stipulation of facts and attached exhibits are incorporated herein by this reference. Petitioners resided in San Diego, California, at the time the petition in this case was filed. Collateral Estoppel
Petitioner John E. Kenny (hereinafter petitioner) was convicted during 1979 on 14 counts of a 16-count Federal indictment, including seven counts of presenting false claims to the United States in violation of 18 U.S.C. sec. 287 (1948) and two counts of income tax evasion under section 7201 for 1974 and 1975. [3] During 1981 the United States brought a civil complaint (hereinafter referred to as the civil action) against petitioner in the United States District Court for the Southern District of California seeking recovery under the False Claims Act, *247 31 U.S.C. secs. 231-235, R.S. secs. 3490-3494, 5438 (2d ed. 1878), [4] and asserting additional and alternative grounds of recovery for fraud and for recoupment of public funds mistakenly paid. The civil action was based on the same matters which had been the subject of the criminal case which resulted in petitioner's conviction. *248 In the civil action the United States filed a Motion for Partial Summary Judgment in which it sought recovery with respect to seven invoices totaling $12,871.72. In its motion the United States alleged that each of such seven invoices corresponded to the smallest invoice upon which petitioner could have been convicted in the criminal case with respect to each of the seven counts of the indictment for presentation of false claims. [5] The United States' Motion for Partial Summary Judgment was granted and, since the United States did not pursue the case further, it became the basis for the final judgment in the civil action, entered November 23, 1981. As stated in footnote 2, respondent determined that petitioner failed to report income received pursuant to false claims against the Government, in the total amount of $76,639.07 for 1974. Petitioner asserts that the judgment in the civil action conclusively establishes $12,871.72 as the maximum amount which he could have received in connection with the presentation of false claims, and that respondent is thereby estopped from determining that he received additional *249 amounts from the filing of false claims during 1974. We disagree. Under collateral estoppel, once a court of competent jurisdiction has decided an issue of fact or law necessary to its judgment, redetermination of such issue may be precluded in a subsequent suit on a different cause of action involving a party to the first case. Montana v. United States,440 U.S. 147, 153 (1979); Parklane Hosiery Co. v. Shore,439 U.S. 322 (1979). The prior judgment, however, operates as an estoppel only as to those issues and points actually controverted, the determination of which were necessary to the finding or verdict rendered. Commissioner v. Sunnen,333 U.S. 591, 598 (1948); Cromwell v. County of Sac,94 U.S. 351, 353 (1876). Moreover, collateral estoppel does not apply with respect to any issue which the party against whom it is asserted did not have a "full and fair opportunity" to litigate in the earlier case. Allen v. McCurry,449 U.S. 90, 95 (1980). The judgment in the civil action established that petitioner was civilly liable for false claims amounting to $12,871.72. However, respondent is not *250 estopped from determining that petitioner received additional amounts of income in connection with the filing of false claims not actually litigated in the civil action. Commissioner v. Sunnen,supra;Cromwell v. County of Sac,supra.It is clear that the judgment of the district court in the civil action was based solely upon the sums placed in issue by the United States in its Motion for Partial Summary Judgment, and that the parties to that action did not litigate any further amounts. Where, as here, the cause of action is different from that litigated in the earlier action, the parties are not barred from asserting issues of law or fact not actually decided in the first case. Montana v. United States,supra;Parklane Hosiery Co. v. Shore,supra.Therefore, the judgment in the civil action does not estop respondent from determining that petitioner received additional amounts of income from presenting false claims during 1974. We also reject petitioner's contention that the combined effect of the judgments in the criminal and civil cases somehow estops respondent in the instant case. Petitioner *251 asserts that he was convicted of filing false claims in the amount of $12,871.72 (an amount which he contends was established by the judgment in the civil case) and that respondent is thereby estopped from determining that a greater amount was received from presenting false claims. However, even if we were to assume that petitioner was acquitted with respect to all other false invoices raised in the indictment, it has long been settled that acquittal of a criminal charge does not bar the Government in a subsequent civil action arising out of the very facts on which the criminal proceeding was based. [6]Murphy v. United States,272 U.S. 630, 631-632 (1926); Stone v. United States,167 U.S. 178, 188 (1897). Moreover, the judgment of petitioner's conviction does not purport to deal with any false claims not pleaded in the indictment and thus cannot serve to estop respondent from determining that other false claims resulted in income to petitioner during 1974. Fox v. Commissioner,61 T.C. 704, 711 (1974). Accordingly, we reject petitioner's estoppel argument and sustain respondent's determination. *252 Innocent Spouse
Petitioners assert that petitioner Edna M. Kenny (Edna) is an "innocent spouse" and that pursuant to section 6013(e) she should, therefore, be relieved of any liability for tax with respect to the income from false claims which her husband failed to report on their joint returns for 1974 and 1975. In order to avail herself of the relief afforded by section 6013(e), Edna must establish, inter alia, that in signing the joint returns for the years in issue she did not know, and had no reason to know, that such returns contained substantial understatements of tax. [7] Section 6013(e)(1)(C). Further, taking into account all the facts and circumstances, we must find that it is inequitable to hold her liable for the deficiencies in tax for such years to the extent they are attributable to such substantial understatements. Section 6013(e)(1)(D). Petitioners bear the burden of proof on this issue. Rule 142(a). Petitioners have offered no evidence with respect to Edna's claim as an "innocent spouse. *253 " Edna did not testify at trial, and the record does not reflect any facts from which it can be determined whether or not Edna satisfies the requirements contained in sections 6013(e)(1)(C) and (D). We, therefore, hold that Edna is not entitled to relief as provided under section 6013(e). Rule 142(a). In order to take into account concessions made by both parties, Decision will be entered under Rule 155.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated. All rule references are to the Tax Court Rules of Practice and Procedure.↩
2. The deficiency in petitioners' 1974 income tax as determined by respondent is based upon unreported income in the amount of $76,639.07.↩
3. Petitioner's convictions on all 14 counts were affirmed on appeal. United States v. Kenny,645 F.2d 1323↩ (9th Cir. 1981). 4. At the time the United States brought the civil action against petitioner, Title 31 of the United States Code had not yet been enacted into positive law. The civil provisions of the False Claims Act, with certain nonsubstantive modifications, have since been reenacted into positive law. Act of Sept. 13, 1982, Pub. L. 97-258, 96 Stat. 877, 978 and 979, 31 U.S.C. secs. 3729-3731. See also Defense Procurement Improvement Act of 1985, Pub. L. 99-145, Title IX, sec. 931(b), 99 Stat. 682, 699, supplementing 31 U.S.C. sec. 3729 (1982). For a brief history of the False Claims Act prior to 1976, see United States v. Bornstein,423 U.S. 303, 305↩ n. 1 (1976).
5. All but one of such seven counts involved multiple invoices.↩
6. This is due to the difference in the burden of proof required in criminal and civil cases. An acquittal is "merely * * * an adjudication that the proof was not sufficient to overcome all reasonable doubt of the guilt of the accused," Lewis v. Frick,233 U.S. 291, 302↩ (1914), but it does not foreclose the possibility that the same facts could be established in a civil proceeding under the less stringent burden of proof in civil cases.
7. Petitioners' tax returns for both years in issue clearly contained substantial understatements within the meaning of sec. 6013(e)(3). See sec. 6661(b)(2)(A).↩